By the Court, Ingraham, P. J.
It is clear that, under the provisions of the bankrupt act, where the proceedings in bankruptcy are shown to have been within the jurisdiction of the court, the 31st section prohibits a party who has proved his debt or claim from maintaining any action therefor. In the present case it is contended that the defendants were never legally declared bankrupts, and that the court had no jurisdiction in the matter.
The objection to these proceedings is, that the application was not made in a form to give the court jurisdiction. The 37th section of the bankrupt act requires, in addition to the petition of the officers, a duly authorized vote of a majority of the corporators, at a legal meeting, called for that purpose. The application, in the present case, is a mere petition from the officers, without any such consent of the corporators.
*429 • Admitting that the rule as to presumption of jurisdiction, in cases where the court is not one of inferior or limited jurisdiction, would apply here, still that presumption is overcome by proof of the record of the proceedings, which shows the want of such act of the corporators, whereby it is affirmatively shown that the necessary papers were not presented to the court, so as to make the proceedings legal.
It then becomes immaterial whether the court is one of general or limited jurisdiction. In either case, on its appearing that the court had no jurisdiction of the case, the inquiry may be made in another action, where they are relied on by a party claiming the benefit of them.
This was very clearly stated in The Chemung Canal Bank v. Judson, (8 N. Y. 254,) where it was held “that the power of this court to inquire into the jurisdiction of the District Court of the United States is undoubted.” So in Dobson v. Pearce, Allen, J., says: “The jurisdiction of the court in which a judgment has been recovered is always open to inquiry, and if it has exceeded its jurisdiction, or has not acquired jurisdiction of the parties by the due service of process or voluntary appearance, the proceedings are coram non judice, and the judgment void. The want of jurisdiction has always been held to be a good answer to a judgment, when set up for any purpose.”
As the necessary consent of the corporators was not given, there can be no doubt as to the want of jurisdiction of ° the bankrupt Court, -and the plaintiffs had the right to set it up to the bankrupt proceedings on which the defendants relied.
The remaining question is, whether the proof of claim by the plaintiffs in the proceeding in the District Court of the United States, gave such jurisdiction or was conclusive upon them in this action.
It is well settled that consent will not give jurisdiction *430 to a court which does not possess it otherwise. (Dudley v. Mayhew, 3 N. Y. 9. McMahon v. Rauhr, 47 id. 67.)
[First Department, General Term, at New York,
January 6, 1873.
Ingraham and Fancher, Justices.]
We think there was no error committed at the circuit, and that the judgment should be affirmed.